IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA DESHUN NEWBY                                                                          PLAINTIFF
ADC #663841

v.                                            4:22-cv-01235-KGB-JJV

WELLPATH; and
DOES, unknown ACC security staff                                                         DEFENDANTS

**RECOMMENDED DISPOSITION**

    The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.    DISCUSSION

    Joshua Deshun Newby ("Plaintiff") is in the Central Arkansas Community Correction Center ("CACCC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging unknown CACCC security staff ("Doe Defendants") subjected him to inhumane conditions of confinement and Defendant Wellpath denied him adequate medical care. (Doc. 2.) After careful

consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

Plaintiff says he is serving a three year sentence for a probation violation. (Doc. 2 at 6.) Because the original convictions are the authority under which they are confined, courts have held that claims brought by individuals in custody for probation violations fall under the cruel and unusual punishment cause of the Eighth Amendment rather than the due process clause of the Fourteenth Amendment. *See, e.g., A.H. v. St. Louis Cnty., Missouri,* 891 F.3d 721, 724-27 (8th Cir. 2018); *Sutton v. Buchanan*, No. 1:18-cv-00063, 2022 WL 2208943, at *7-8 (E.D. Mo. June 21, 2022); *Peterson v. Heinen,* No. CV-18-2640, 2022 WL 891603, at *13-14 (D. Minn. Mar. 25, 2022). Because Plaintiff had been convicted of a state crime, was released on probation, and was back in custody for allegedly violating that probation, I agree the Eighth Amendment standard should apply. *See Carter v. State*, 85 S.W.3d 914, 916 (Ark. 2002) ("A plea of guilty, coupled with a fine and probation, constitutes a conviction" under Arkansas law).

To plead a plausible conditions of confinement claim under the Eighth Amendment, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the conditions. *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). As to the first factor, the United States Supreme Court has cautioned only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff says the Doe Defendants did not allow him to shower for eight days, did not give him any out-of-cell time for eleven days, took his mattress daily from 7:00 a.m. until 11:00 p.m., and housed him with "SSP inmates" for an unspecified duration. (Doc. 2 at 4.) Plaintiff has not explained who "SSP inmates" are or how being housed with them creates a substantial risk of harm to his health or safety. And courts have held that conditions worse than those alleged by Plaintiff do not rise to the level of a constitutional violation. *See Jones v. Houston,* Case No. 4:06CV03314, 2007 WL 3275125, *8 (D. Neb. 2007) (denial of showers for thirteen days was not an Eighth Amendment violation); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y 2003) (two weeks without a shower was not a constitutional violation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-seven days without exercise was not a constitutional violation); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (lack of outside exercise for thirteen days was not a constitution violation); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (no out-of-cell exercise for fifteen days was not a constitutional violation); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without bedding or a mattress was not a constitutional violation). Finally, Plaintiff does not explain how he was harmed by any of these alleged conditions. *See Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) (to establish standing to bring a lawsuit, "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision"). Thus, the Complaint does not contain a plausible conditions of confinement claim against the Doe Defendants.

Second, the only relief Plaintiff seeks is monetary damages from the Doe Defendants in their official capacities. (Doc. 2 at 2, 6.) However, the doctrine of sovereign immunity precludes

Plaintiff from obtaining monetary damages from state officials, such as the Doe Defendants, in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991).

Third, to plead a plausible inadequate medical care claim under the Eighth Amendment, the Complaint must contain facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) Defendant Wellpath subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Plaintiff says that since February 2022, the "medical staff" has not "checked on" a "pacemaker/defibrillator and mechanical valve" in his heart. (Doc. 2 at 5.) And he claims that, recently, the "medical staff" has not responded to his medical requests seeking treatment for "numbness in his chest." (*Id.*) Arguably, these are objectively serious medical needs. But the Complaint falls short on the second element. Because there is no vicarious liability in § 1983 actions, Defendant Wellpath cannot be held liable for constitutional violations committed by its employees, such as the "medical staff" mentioned in the Complaint. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004); *Burke v. N. D. Dep't. of Corrs. & Rehab.,* 294 F.3d 1043, 1044 (8th Cir. 2002). Instead, Defendant Wellpath can only be held liable if it had a policy, custom, or official action that inflicted an actionable injury. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Because the Complaint does not contain any such allegations, I conclude Plaintiff has not pled a plausible inadequate medical care claim against Defendant Wellpath.

Fourth, Plaintiff says the Doe Defendants and Wellpath have not responded to his grievances about the conditions of his confinement and the lack of adequate medical care. But, a prison official's denial of a grievance or failure to properly respond thereto is not actionable

4

under § 1983.  *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)*; Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Finally, I have previously brought these pleading deficiencies to Plaintiff's attention, given him thirty days to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he did not do so.  (Doc. 5.)   The time to comply with my instructions has expired.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. In the future, dismissal of this action be counted as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE